## JANE PUTNAM et al. versus ANNA PUTNAM.

Before the repeal of the proviso in *St.* 1821, *c.* 85, § 1, it was necessary, in order to sustain a bill in equity to redeem, that the plaintiff should aver and prove that he had made a payment or tender of the full amount due on the mortgage, (or had performed or tendered performance of such other condition &c.,) or that he had requested of the defendant an account of the amount due and the defendant had refused or neglected to state his account.

Money paid into court by the plaintiff, on a bill in equity to redeem, cannot be taken out by the defendant, if he contests the right to redeem and prevails in his defence.

BILL in equity. The case was argued at October term 1830, by *J. Davis* for the plaintiffs, and by *Newton* and *Sibley* for the defendant.

SHAW C. J. delivered the opinion of the Court. This is a bill in equity, commenced as far back as June 20, 1823, brought to redeem certain mortgaged premises. The Court have looked at this case with a very earnest desire, if possible, to sustain this bill, because it is quite manifest from the auditor's report, that the estate is one of considerable value, and that a small sum only is due on the mortgage. This desire is not lessened by the intimation, that minors are interested in the result.

*Oct. 9th, 1831.*

The preliminary question, and the only one of difficulty, is, whether the Court has jurisdiction of the bill.

It is well known, that prior to *St.* 1821, *c.* 85, a bill to redeem would not lie, without averring payment or tender of payment of the debt &c. with interest, or performance, or a tender of performance of such other condition &c. This was required by *St.* 1798, *c.* 77. But by the statute of 1821 it is provided, that where the plaintiff shall, in his bill, offer to pay such sum as shall be found justly due, or to perform such other condition &c., such offer shall have the effect of a tender before suit brought, and the bill shall be sustained without any allegation or proof of such previous tender ; but with this proviso, probably introduced after the bill was first drawn, viz. that the mortgagee shall, on request, have refused or neglected to state his account of the sum due on the mortgage, before the commencement of such suit.

From comparing these statutes it is manifest, that to sustain his bill the plaintiff must aver a payment or tender of the full amount due ; or, that he has requested of the defendant an account, and that the defendant has refused or neglected truly to state his account of the sum due on the mortgage. It is a condition precedent and cannot be dispensed with.

And the proof must support the averment in either case. In the former, a tender of the amount must be proved, and any deficiency, however small, will defeat the plaintiff's bill ; for the obvious reason, that such tender is a condition precedent. Our judicial history discloses several cases of great hardship resulting from this principle ; and this probably was the cause of the enactment of the later statute.

Whether this statute would have been less or more beneficial, without the proviso, it is not now perhaps proper to inquire ; it is a part of it and is to be executed and carried into effect accordingly.* Taking the enacting clause and the proviso together, it seems quite clear, that if no actual tender is averred, the bill must state, and the proof must support the statement, that the defendant has on request neglected or refused to state his account. This has been construed to mean such a reasonable request as to enable the defendant to prepare and render an account. *Willard* v. *Fiske*, 2 Pick. 540.

The condition of the present mortgage was, to secure the payment of certain alimony, and also to secure the performance of an executory contract to repair and erect certain buildings, for the use and benefit of the mortgagee.

The plaintiffs' counsel has gone into some calculations and views of the evidence as drawn from the report of the auditor, to show that at the time of foreclosure there was no more due to the defendant, deducting rents and profits, than the amount tendered. But this result seems not to be warranted by the proof. On the contrary, it appears by the report, that a sum of more than $ 30 was due, over and above the amount tendered.

---

* This proviso has since been repealed by *St.* 1833, *c.* 201.

If the plaintiff would rely on the ground that the defendant, on request, refused or neglected to render her account of the sums due for alimony, and the unliquidated damages for non-performance of the contract, with a statement of rents and profits, then the infirmity of the bill, in its present form, is, that no such request, and neglect or refusal, are averred, so as to bring it within the terms of the last statute. If the facts are such as to support such an allegation, considering that the right to redeem is now foreclosed, and unless this bill can be sustained the plaintiffs are without remedy, the Court would feel strongly disposed to permit such an amendment as to give this character to the bill.

After this opinion was given, there being no motion to amend so as to aver a request to the defendant for an account, and a refusal or neglect to render one before the suit was commenced, probably because in point of fact no such request had been made, the plaintiffs became nonsuit.

Afterwards, at April term 1832, the defendant filed a motion to the Court for costs, and also that she might be permitted to take out the money which had been paid into court, and which, according to the plaintiffs' allegation, had been tendered to her, before the commencement of the suit. In support of this motion the defendant's counsel cited *Wilson* v. *Ducket*, 3 Burr. 1361 ; *Le Grew* v. *Cooke*, 1 Bos. & Pul. 332 ; *Vaughan* v. *Barnes*, 2 Bos. & Pul. 392 ; *Malcolm* v. *Fullarton*, 2 T. R. 645 ; 1 Saund. 33, Wms's note 2 ; 1 Sellon's Pr. 287, *et seq.*

*Curia*, by SHAW C. J. There is no analogy between the payment of money into court, in a common law action of debt or assumpsit, and a like payment upon a bill in equity to redeem under our statute, and thence the authorities, being applicable to the former case, afford no rule governing the present. By payment into court, in an action claiming debt or damages, the defendant admits, in the most formal manner, his absolute liability to that sum, and by the form of the rule or plea offers it in satisfaction and discharge of such admitted liability. If not accepted it is paid into court for the plaintiff's use, and the defendant derives the full bene

Putnam
*v.*
Putnam.

Oct. 6th,
1832.

fit of it, as if paid to and accepted by the plaintiff himself, because it operates as a bar *pro tanto*, to all claim in respect to such sum. It is, therefore, upon the strongest reason held, that such payment shall be deemed absolute, and the party shall not be permitted to draw it in question on the ground of equity or mistake, or any ground except that of fraud and imposition.

But the character of a payment of money into court on a bill in equity to redeem a mortgage, is entirely different. It is in its nature provisional ; it is an offer to pay in discharge of a debt secured by mortgage on real estate, the purpose of which is, to release such estate from the incumbrance. But the defendant contests the right to redeem, alleges that by force of law and the lapse of time, the mortgage is foreclosed, that she has become the absolute owner of the estate, and of course that there is no longer any debt secured by mortgage, and consequently that she has no claim to the money offered in satisfaction of such debt. This defence prevails, and the conclusion of law is, that the defendant was right in rejecting the money tendered and not releasing the estate. She cannot now be allowed to claim this money, against her own formal act showing that she has no title to it. Nor ought the plaintiffs to be bound by a provisional offer of money to redeem an estate, when it appears that they cannot redeem, and the payment would not avail them for the only purpose for which it was offered.

Under all the circumstances of the case, the Court are of opinion that costs ought not to be allowed.

*Motion overruled.*